**CRAWFORD & DESANTIS, LLP**
900 South Avenue, Suite 204
Staten Island, New York 10314
(718) 273-9414 (phone)
(718) 273-9414 (facsimile)
acrawford@crawforddesantisom
*Attorneys for Plaintiff*
COFFEE HOLDING CO., INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
COFFEE HOLDING CO., INC.

                     Plaintiff,

    -against-

RYAAN LOGISTICS GROUP, LLC,

                     Defendant,
----------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

Case No: 1:25-cv-00175

Plaintiff, Coffee Holding Co., Inc. by and through its attorneys, Crawford & DeSantis, LLP, and as and for its complaint as against RYAAN LOGISTICS GROUP, LLC, hereby alleges as follows:

### THE PARTIES

1.     Plaintiff Coffee Holding Co., Inc. ("Plaintiff") is a foreign corporation organized and existing pursuant to the laws of the State of Nevada, with its principal place of business located at 3475 Victory Boulevard, Staten Island, New York 10314.

2.     Upon information and belief, Defendant Ryaan Logistics Group, LLC ("Defendant") is a foreign corporation organized and existing pursuant to the laws of the State of Texas, with its principal place of business located at 1731 Remington Rd., Prosper, Texas 75078.

## JURISDICTION

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C.A. §1332 in that the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship between the Plaintiff and the Defendant.

4. The District Court for the Eastern District of New York is the proper venue for this matter as Plaintiff maintains offices with a designated address located within Richmond County.

## FACTS COMMON TO ALL CAUSES OF ACTION

5. Plaintiff is a publicly traded wholesale coffee roaster and dealer in the United States.

6. Defendant is a freight brokerage company who brokers third-party carriers to pick up and deliver loads of freight.

7. On or about February 16, 2024, Plaintiff hired Defendant to broker delivery of a load of coffee valued at $84,491.94 (the "Coffee Load") from Plaintiff's facility located at 27700 Frontage Road, La Junta, Colorado 81050 to United Natural Foods, Inc ("UNFI"), Centralia Division, 4002 Galvin Road, Centralia, Washington 98531.

8. Defendant explicitly informed Plaintiff that it would arrange a motor carrier to transport the Coffee Load as set forth above.

9. Plaintiff accepted Defendant's rate for the shipment of the Coffee Load.

10. Thereafter, Defendant booked AFC Trucking, Inc. ("AFC Trucking"), a Florida trucking company, to pick up and transport the Coffee Load from Plaintiff's facility in the State of Colorado to UNFI's facility in the State of Washington.

11. Upon information and belief, prior to booking the load with AFC Trucking, Defendant conducted a vetting process of carrier onboarding for AFC Trucking, which was passed by AFC Trucking.

12. On Friday, February 16, 2024, a carrier arrived at Plaintiff's facility in Colorado and indicated they were there to pick up a load for Defendant, Ryaan Logistics. The carrier showed Plaintiff's logistics department his phone with the load number from Defendant and the Coffee Load was loaded onto the carrier's truck at approximately 11:00 p.m.

13. The delivery of the Coffee Load was scheduled to be completed on Monday, February 19, 2024 at 12:00 p.m.

14. On February 19, 2024, an employee of Defendant emailed Plaintiff's logistics department and advised Plaintiff that they had called the driver of the Coffee Load and received no response and that their prior communication with the driver was that the driver was having issues with his truck.

15. On February 20, 2024, Defendant confirmed with Plaintiff that the driver had missed his delivery appointment for the Coffee Load.

16. After the Coffee Load went undelivered as scheduled, Defendant undertook efforts to locate the missing Coffee Load.

17. Plaintiff was informed by Defendant that they had lost communication with the driver and they were going to contact their insurance company regarding the matter, but did not contact law enforcement. Upon information and belief, AFC Trucking's account had been hacked and the information contained therein had been changed.

18. Defendant was then able to determine that the driver who picked up the load from Plaintiff purporting to be AFC Trucking was a driver named Mario Diaz Maya ("Maya"), the owner/driver of Maya Transportation.

19. Upon determining the identity of Maya, Plaintiff contacted the La Junta, Colorado Police Department and requested they run a background check on Maya which found multiple criminal records. Thereafter, the La Junta Police Department contacted Defendant to advise them of Maya's criminal background.

20. Defendant contacted Maya and were able to track the Coffee Load to a warehouse named K&C Warehousing located in Santa Ana, California, and from K&C Warehousing to another warehouse named 10-10 Warehousing Services in Montebello, California.

21. Defendant lost the trail of the Coffee Load after it left 10-10 Warehousing Services.

22. On or about February 22, 2024, Plaintiff filed an incident report with the La Junta, Colorado Police Department reporting the Coffee Load as stolen.

23. The Coffee Load was never located and remains missing.

24. Plaintiff has not been compensated for the lost Coffee Load which was valued at $84,491.94.

**AS AND FOR A FIRST CAUSE OF ACTION**

25. Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs "1" to "24" as if set forth more fully at length herein.

26. By reason of the foregoing, a contract existed by and between Plaintiff and Defendant.

27. Defendant failed to perform under the contract between Plaintiff and Defendant.

28. Defendant's actions constitute a breach of the contract between the parties.

29. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but not less than $84,491.94.

## AS AND FOR A SECOND CAUSE OF ACTION

30. Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs "1" to "29" as if set forth more fully at length herein.

31. Defendant, as a freight broker, had a duty to ensure the driver who picked up the Coffee Load was in fact the trucking company it booked to transport the Coffee Load.

32. Defendant failed to do so and was negligent in its vetting of the company it booked to transport the Coffee Load and the driver who picked up the Coffee Load.

33. Defendant further failed to alert Plaintiff that the Coffee Load had been stolen and delayed in alerting law enforcement that it had been stolen.

34. By reason of Defendant's negligence, Plaintiff suffered damages in the amount to be determined at trial but not less than $84,491.94.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find that Judgment be issued in favor of Plaintiff:

    a. On the First Cause of Action, judgment in favor of Plaintiff in an amount to be determined at trial, but not less than $84,491.94; and

    b. On the Second Cause of Action, judgment in favor of Plaintiff in an amount to be determined at trial, but not less than $84,491.94; and

    c. The costs, disbursements and fees associated with the prosecution of this action; and

        d.       Such other and further relief as this Court deems just and proper.

Dated: Staten Island, New York
       January 14, 2025

**CRAWFORD & DESANTIS, LLP**

_/s/ Allyn J. Crawford_

Allyn J. Crawford, Esq.
Attorneys for Plaintiff
COFFEE HOLDING CO., INC.
900 South Avenue, Suite 204
Staten Island, New York 10314
(718) 273-9414